IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **1009 CLINTON PROPERTIES, LLC,** *Plaintiff,* | : : : | **CIVIL ACTION** |
| v. | : : | **No. 18-5286** |
| **STATE FARM FIRE AND CASUALTY COMPANY,** *Defendant.* | : : : : | |

## OPINION

### I. INTRODUCTION

This is a breach of insurance contract action alleging that Defendant failed to pay Plaintiff monies owed under an insurance policy. On December 7, 2018, the instant matter was removed from the Court of Common Pleas of Philadelphia County. ECF No. 1. Currently before the Court is Defendant's Motion to Dismiss Count II of Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 4), Plaintiff's Response thereto (ECF No. 6), and Defendant's Reply (ECF No. 7).

### II. BACKGROUND

Defendant issued a rental dwelling insurance policy to Plaintiff covering Plaintiff's property located at 1426 S. Vodges St., Philadelphia, PA 19143 (the "Policy"). ECF No. 1 at 14-15; ECF No. 5 at 2. On January 18, 2018, while the Policy was in effect, Plaintiff suffered physical loss and damage to his insured

1

property. ECF No. 1 at 15. The loss is believed to have been caused by a peril insured against under the Policy. *Id.* Plaintiff promptly informed Defendant of the loss and fully complied with the terms and conditions required under the Policy. *Id.* Despite Plaintiff's demands for benefits under the Policy, Defendant has refused, without justification, to pay Plaintiff monies owed for the damages suffered as a result of the loss. *Id.* Defendant continues to refuse to pay Plaintiff its benefits, as required under the Policy. *Id.*

As a result of Defendant's refusal to pay Plaintiff benefits under the Policy, Plaintiff initiated the instant action and alleges two causes of action against Defendant. Count I is breach of contract. *Id.* Count II is a bad faith claim under 42 Pa. C.S.A. § 8371. *Id.* at 16. Plaintiff alleges that Defendant acted in bad faith for refusal to pay benefits under the Policy by engaging in the following conduct:

   a. Sending correspondence falsely representing that Plaintiff's loss caused by a peril insured against under the Policy was not entitled to benefits due and owing under the Policy;
   b. In failing to complete a prompt and thorough investigation of Plaintiff's claim before representing that such claim is not covered under the Policy;
   c. In failing to pay Plaintiff's covered loss in a prompt and timely manner;
   d. In failing to objectively and fairly evaluate Plaintiff's claim;
   e. In conducting an unfair and unreasonable investigation of Plaintiff's claim;
   f. In asserting Policy defenses without a reasonable basis in fact;

2

    g. In flatly misrepresenting pertinent facts or policy provisions relating to coverages at issue and placing unduly restrictive interpretations on the Policy and/or claim forms;

    h. In failing to keep Plaintiff or their representatives fairly and adequately advised as to the status of the claim;

    i. In unreasonably valuing the loss and failing to fairly negotiate the amount of the loss with Plaintiff and their representatives;

    j. In failing to promptly provide a reasonable factual explanation of the basis for the denial of Plaintiff's claim;

    k. In unreasonably withholding policy benefits;

    l. In acting unreasonably and unfairly in response to Plaintiff's claim;

    m. In unnecessarily and unreasonably compelling Plaintiff to institute this lawsuit to obtain policy benefits for a covered loss, that Defendant should have paid promptly and without the necessity of litigation.

*Id.* at 16-17.

On December 13, 2018, Defendant filed its Motion to Dismiss Count II (bad faith claim) of Plaintiff's Complaint. ECF No. 4. Defendant alleges that Plaintiff's bad faith claim should be dismissed because the Complaint fails to allege the essential elements of a bad faith claim and the Complaint is devoid of any factual allegations to support a cause of action for bad faith. ECF No. 4-2 at 3. Moreover, Defendant contends that Plaintiff's bad faith claim contains only "bare, boiler-plate and conclusory allegations, which lack the factual specificity required by Fed. R. Civ. P. 8, Iqbal, and its progeny." *Id.* In support of its contention that Plaintiff's bad faith claim lacks factual specificity, Defendant cites eleven (11) district court cases that have dismissed bad faith claims that contained bare-bones

3

conclusory allegations.[1] *Id.* at 3-4. In citing those eleven cases, Defendant most heavily relies on *Sypeck*, 2012 WL 2239730 and *PGT Trucking, Inc.*, 2011 WL 2552531 (Middle District of Pennsylvania and Western District of Pennsylvania cases, respectively). *Id.* at 4-5.

In its response, which was filed on December 27, 2018, Plaintiff argues that its Complaint, specifically the bad faith claim, informs Defendant of the facts it will need to defend against at trial, making the bad faith claim legally sufficient. ECF No. 5 at 5. Plaintiff argues that it has specifically pled that Defendant has continuously refused, without justification, to pay the benefits owed under the Policy. *Id.* Plaintiff argues that under Fed. R. Civ. P. 8, it has pled sufficient allegations against Defendant constituting Defendant's inadequate investigation and subsequent unfounded and frivolous refusal to pay Plaintiff's claim. *Id.* at 7. Plaintiff maintains that these allegations are sufficient to support a bad faith claim. *Id.* Plaintiff also relies on the thirteen averments in its Complaint pertaining to bad faith against Defendant that are set forth above. *Id.* at 8. According to Plaintiff, these allegations, when read together, summarize the basis for its bad faith claim

---

[1] Specifically, Defendant cites the following cases: 1) *Soldrich v. State Farm Fire and Cas. Co.*, No. 15-1438, 2015 WL 7568442 (E.D. Pa. Nov. 25, 2015); 2) *Pasqualino v. State Farm Mut. Auto. Ins. Co.*, No. 15-77, 2015 WL 3444288 (E.D. Pa. May 28, 2015); 3) *Sypeck v. State Farm Mut. Auto. Ins.*, 2012 WL 2239730 (M.D. Pa. June 15, 2012); 4) *Blasetti v. Allstate Ins. Co.*, No. 11-6920, 2012 WL 177419 (E.D. Pa. Jan. 23, 2012); 5) *Purcell v. State Farm Mut. Auto. Ins. Co.*, No. 11-7004, 2012 WL 425005 (E.D. Pa. Feb. 10, 2012); 6) *Eley v. State Farm Ins. Co.*, No. 10-5564, 2011 WL 294031 (E.D. Pa. Jan. 31, 2011); 7) *Liberty Ins. Corp. v. PGT Trucking, Inc.*, 2011 WL 2552531 (W.D. Pa. June 27, 2011); 8) *Pfister v. State Farm Fire and Cas. Co.*, 2011 WL 3651349 (W.D. Pa. Aug. 18, 2011); 9) *Atiyeh v. Nat. Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591 (E.D. Pa. 2010); 10) *Muth v. State Farm Fire and Cas. Co.*, 2010 WL 3805386 (M.D. Pa. Sept. 22, 2010); and 11) *Robbins v. Metropolitan Life Ins. Co. of Connecticut*, No. 08-191, 2008 WL 5412087 (E.D. Pa. Dec. 29, 2008).

4

and are wholly sufficient under Fed. R. Civ. P. 8. *Id.* at 9. On January 2, 2019, Defendant filed its Reply brief, relying, again, on the notion that "unsupported [bad faith] allegations have been repeatedly rejected by Federal courts, in granting motions to dismiss." ECF No. 7 at 1-2.

## III. DISCUSSION

1. <u>Motion to Dismiss Standard of Review.</u>

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) ("Federal Rules of Civil Procedure 8(a) continues to require only a 'showing' that the pleader is entitled to relief."). "Each allegation must be simple, concise, and direct." *Id.* at (d)(1). The purpose of Rule 8 is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

When reviewing a motion to dismiss, the Court "accept[s] as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [the court] construes them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n. 27 (3d Cir. 2010)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955)). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786-87 (3d Cir. 2016) (quoting *Iqbal*, 550 U.S. at 679, 129 S. Ct. 1937). *Twombly* and *Iqbal*, however, do not impose a heightened pleading requirement and the Supreme Court "also expressly disavowed the requirement that a plaintiff plead specific facts." *Schuchardt*, 839 F.3d at 347 (internal quotations omitted) (citing *Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d Cir. 2008)).

Finally, courts reviewing the sufficiency of a complaint must engage in a three-step process. First, the court "must 'take note of the elements [the] plaintiff must plead to state a claim.'" *Connelly*, 809 F.3d at 787 (alterations in original) (quoting *Iqbal*, 550 U.S. at 675, 129 S. Ct. 1937). "Second, [the court] should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 550 U.S. at 679, 129 S. Ct.

1937). Third, "'[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (alterations in original) (quoting *Iqbal*, 550 U.S. at 679, 129 S. Ct. 1937). A claim may survive a motion to dismiss if it "pleads sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence" which supports the claim's elements. *Id.* at 789.

2. Bad Faith Claim Requirements.

For an action arising under an insurance policy, an insurer/defendant may be liable for interest, punitive damages, court costs, and attorney fees if the insurer acted in bad faith towards the insured/plaintiff. 42 Pa. C.S.A. § 8371. For a plaintiff to succeed on a bad faith claim, two elements must be satisfied by clear and convincing evidence. *Klinger v. State Farm Mut. Auto Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997). The plaintiff must demonstrate that 1) "the insurer did not have a reasonable basis for denying benefits under the policy" and 2) "the insurer knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Wolfe v. Allstate Property & Cas. Ins. Co.*, 790 F.3d 487, 498 (3d Cir. 2015) (citing *Terletsky v. Prudential Property & Cas. Ins. Co.*, 437 Pa. Super. 108, 649 A.2d 680, 688 (1994)). The Pennsylvania Superior Court has defined bad faith as:

> [A]ny frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a

7

> dishonest purpose and means a breach of a known duty (i.e. good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

*Id.* (quoting *Terletsky*, 437 Pa. Super. at 688). The Third Circuit Court of Appeals in *Klinger* clarified that the insurer does not need to be motivated by an improper purpose such as ill will or self interest for a plaintiff to succeed on a bad faith claim. *Klinger*, 115 F.3d at 233. Under § 8371 bad faith claims, courts must be aware that the underlying issue is "the *manner* in which insurers discharge their duties of good faith and fair dealing during the pendency of an insurance claim." *Wolfe*, 790 F.3d at 499 (emphasis in original) (quoting *Berg v. Nationwide Mut. Ins. Co.*, 2012 Pa. Super. 88, 44 A.3d 1164, 1177 (2012)). "Bad faith claims are fact specific and depend on the conduct of the insurer *vis à vis* the insured." *Condio v. Erie Ins. Exchange*, 2006 Pa. Super. 92, 899 A.2d 1136, 1143 (2006).

3. <u>Analysis.</u>

In the instant matter, Plaintiff's allegations are sufficient to survive Defendant's Motion to Dismiss. Defendant's position that Plaintiff's Complaint is factually insufficient to support a bad faith claim, in this Court's view, is unfounded. Rule 1 explicitly states that the Federal Rules of Civil Procedure should be employed to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Rule 8's purpose, as described above, is simply to give a defendant fair notice of what the plaintiff's claim is and

the grounds it rests on. *See supra* at 5. If Defendant's arguments were to prevail, Plaintiff would be unjustly prevented from pursing a bad faith claim.

The Court is cognizant that a complaint must contain sufficient factual allegations that states a claim that is plausible on its face, *see supra* at 6; however, the Court must also use its judicial experience and common sense when analyzing a motion to dismiss, *see id.* In the context of breach of insurance contract claims that also contain a count for bad faith, the Court must do away with a robotic reading of *Twombly* and *Iqbal* and instead use its common sense when addressing whether a bad faith claim can survive a motion to dismiss. When the Court applies its common sense in analyzing a bad faith claim, here, it becomes apparent that Plaintiff's bad faith claim survives Defendant's Motion to Dismiss.

First, bad faith claims are inherently intertwined with breach of insurance contract claims. If an insurance company denies a claim and a plaintiff truly believes it was unreasonable, then a bad faith claim only logically follows the underlying breach of contract claim. Plaintiff pleading facts pertaining to the breach of contract are also facts that suggest the denial was unreasonable, which goes to satisfying the first element of a bad faith claim under § 8371. Although there is a logical connection between a breach of contract and bad faith claim, it is virtually impossible for a plaintiff to know whether a defendant insurance company actually acted in bad faith when denying the plaintiff's claim. This pertains to the

second element of a bad faith claim under § 8371. A plaintiff is not in a position to specifically factually plead the second element because those facts go to the insurer's state of mind. This information is clearly not available to a plaintiff at the time of the filing of the complaint.

This is an obstacle that a plaintiff may never overcome because the defendant holds the evidence of bad faith. The bad faith aspect of an insurance matter will never fully materialize to a plaintiff until discovery is completed. The only aspect of a bad faith claim that a plaintiff can legitimately plead that is within its purview is the length of time the insurance company took to deny the plaintiff's claim. Other than the length of time, a plaintiff will never know whether a denial was done in bad faith, i.e., whether the insurance company denied the plaintiff's claim knowing it did not have a reasonable basis to do so. The crucial undiscovered facts would only show themselves in discovery. It is inequitable for an insurance company to hold all the facts pertaining to a bad faith claim and then move to dismiss the bad faith claim because the plaintiff did not have access to specific facts to plead bad faith.

Secondly, if a bad faith claim survives a motion to dismiss, there would no greater burden on the parties. The discovery needed to flesh out a breach of insurance contract claim is the same discovery needed to investigate the related bad faith claim. There would be no extra discovery nor any extra costs on the

parties in order to determine whether the insurer acted in bad faith. As mentioned above, the plaintiff relies heavily on this discovery to prove a bad faith claim because the specific factual information needed to prove a bad faith claim will not be known to a plaintiff until discovery is exchanged. This concept of no greater burden is in line with Rule 1's guidance to ensure the inexpensive and speedy determination of every proceeding. *See supra* at 8. Furthermore, if the insurance company did not act in bad faith, then it can move to dismiss the bad faith claim at the summary judgment stage after discovery has been completed.

Third, when pleading a bad faith claim in conjunction with a breach of insurance contract claim that is sufficiently pled, the defendant is on notice as to what needs to be defended. A bad faith claim in conjunction with the breach of contract claim does not change the facts or issues of the case. On the contrary, facts in a complaint alleging a breach of insurance contract normally support a plaintiff's allegation that the defendant acted in bad faith. These facts properly put the defendant on notice as to what it needs to defend against. This is the underlying requirement of Rule 8.

Fourth and finally, "judging the sufficiency of a pleading is a context-dependent exercise." *West Penn Allegheny Health System, Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010). "Some claims require more factual explication than other to state a plausible claim for relief." *Id.* An insurance bad faith claim is in

the category of claims that require less factual explication. Moreover, each bad faith claim should be analyzed according to the potential facts available to the plaintiff at the time of the filing of the complaint and must depend on the context of each case.

In the instant matter, Plaintiff is not alleging that Defendant's "failure to immediately accede to a demand for the policy limit . . . amount[ed] to bad faith." *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 137 (3d Cir. 2012). Plaintiff's Complaint generally pleads bad faith. Plaintiff pleads that it suffered damages to the insured property that was covered under the Policy and promptly notified Defendant of the damages. ECF No. 1 at ¶¶ 4-5. Plaintiff further pleads that "Defendant, despite demands for benefits under the Policy, has refused, without legal justification or cause, and continues to refuse, to pay Plaintiff monies owed for the damages suffered as a result of the loss." *Id.* at 15 ¶ 6. In a situation such as the present one, those are the factual allegations Plaintiff can plead pertaining to bad faith. Because these allegations are not conclusory, they are entitled to the assumption of truth. *Connelly*, 809 F.3d at 787. Therefore, based on Plaintiff's allegations, the Court, at this stage, assumes that the damages to Plaintiff's insured property were covered under the Policy with Defendant and Defendant refused to pay monies owed to Plaintiff as a result of the damages.

Although the factual allegations can be considered broad and not very specific, they nonetheless support a bad faith claim because of the Court's responsibility to draw reasonable inferences from well-pled factual allegations. *See Wolfe*, 790 F.3d at 498; *Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012) ("[The Court] must accept as true all well-pled factual allegations *as well as all reasonable inferences that can be drawn from them*, and construe those allegations in the light most favorable to the plaintiff." (emphasis added) (citing *Mayer v. Belichick*, 605 F.3d 223, 229-30 (3d Cir. 2010))). Plaintiff's factual allegations, in conjunction with the allegations pertaining to bad faith conduct, support the reasonable inference that Defendant knew it lacked a reasonable basis to deny Plaintiff's claim, thereby acting in bad faith when it denied Plaintiff's claim. *See Reginella Const. Co. v. Travelers Cas & Sur. Co. of America*, 971 F. Supp. 2d 470, 475 (W.D. Pa. 2013) ("[T]he Court may draw inferences only to the extent that they are supported by or are consistent with the well-pleaded factual allegations; where the plaintiff's inferences would contradict the well-pleaded factual allegations, the Court cannot accept them."). The reasonable inference, here, shows that Plaintiff is entitled to the requested relief. The allegations in Plaintiff's Complaint also raise a reasonable expectation that discovery will uncover proof that Defendant acted in bad faith. *See Connelly*, 809 F.3d at 789. Because the factual allegations in Plaintiff's Complaint allow the Court to infer that Defendant

acted in bad faith in refusing to pay Plaintiff monies owed under the Policy, Plaintiff's bad faith claim survives Defendant's Motion to Dismiss.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is denied. The Court will issue an appropriate order in conjunction with this Opinion.

Dated: 3-4-2019

BY THE COURT:

CHAD F. KENNEY, JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **1009 CLINTON PROPERTIES, LLC,** *Plaintiff,* | : : : | **CIVIL ACTION** |
| v. | : : | No. 18-5286 |
| **STATE FARM FIRE AND CASUALTY COMPANY,** *Defendant.* | : : : : | |

## ORDER

**AND NOW**, this **4th** day of **March 2019**, upon consideration of Defendant's Motion to Dismiss (ECF No. 4), Plaintiff's Response thereto (ECF No. 6), and Defendant's Reply (ECF No. 7) and in accordance with the Court's accompanying Opinion, it is hereby **ORDERED** and **DECREED** that Defendant's Motion to Dismiss (ECF No. 4) is **DENIED**. Defendant must file an answer to Plaintiff's Complaint on or before March 18, 2019.

BY THE COURT:

*/s/ Chad F. Kenney*

**CHAD F. KENNEY, JUDGE**